HEARD APRIL TERM, 1878.

THE STATE, *ex rel.* INGRAM, *vs.* KENNINGTON.

County Commissioners cannot be compelled by *mandamus* to levy a special tax at any other time or manner than that fixed by law for the levy and collection of State and County taxes.

Where the right to a *mandamus* is founded upon the refusal of the respondent to perform some legal duty, the question as to the relator's right to the *mandamus* cannot be considered until the duty to perform the act arises and has been refused.

This was a petition to the Supreme Court by Silas Ingram against J. T. Kennington and others, as the Board of County Commissioners of Lancaster County, praying for a writ of *mandamus* to compel the respondents to levy and collect a special tax sufficient to satisfy a claim held by the relator against the Board of County Commissioners.

The facts were as follows:

On or about the 4th day of March, 1878, the respondents, pursuant to the provisions of the Act entitled "An Act to authorize County Commissioners to submit to the qualified electors of their several Counties a proposition to alter the fence law and to provide for effectuating the same," approved June 7th, 1877, made a contract with the relator for the erection of a fence containing three hundred and ninety-three panels, at forty cents per panel, amounting in the whole to $157.20, and promised the relator to levy and collect the tax for the payment of said sum at the same time and in the same manner as the other taxes should be levied and collected for the then fiscal year.

The contract was finished and accepted by the Commissioners on the 14th of March, 1878. On the 21st of March, 1878, the supply Bill was passed by the Legislature restricting the amount of taxes to be levied by the Commissioners for the whole line of fence to one and one-half mills. The whole line of fence which was built under the contracts made on the 4th of March, 1878, was about fifteen miles in length, and the contracts amounted in the aggregate to about $5,000,—to pay which would require a levy of about eight mills on the dollar of all the property liable to the payment of the tax.

The respondents levied and collected the tax of one and one-half mills on the dollar and paid the relator his *pro rata* share.

*Allison & Connors*, for relator.

*Wylie & Hough*, contra.

November 21, 1878.   The opinion of the Court was delivered by

WILLARD, C. J.   The relator seeks a *mandamus* to compel the defendants, as County Commissioners, to levy a tax under the provisions of the Act of June 7th, 1877, (16 Stat., 251,) for the payment of an amount alleged to be due him under a contract made by said Commissioners in pursuance of such Act, at a time and in a manner different from that prescribed by law for the levy and collection of State and County taxes.   This cannot be done, as the Act directs that the tax shall be "collected at the same time and in the same manner as other State and County taxes are levied and collected."

The supply Bill for the year 1878 fixed the amount to be raised by the respondents as County Commissioners; and as the amount claimed by the relator was not then due, no provision was made for levying a tax for its payment.   The County Commissioners have no authority by law to levy a special tax at any other time than that fixed by law for the annual State and County taxes; and as they had no authority to comply with the relator's demand in that respect, they have been guilty of no refusal to perform any duty imposed upon them by law, and, therefore, no ground exists for subjecting them to the writ of *mandamus*.   Nor can the general question discussed as to the duty of the respondents to levy a tax independently of the provisions of the annual supply Bill be considered.   It is to be presumed that the Legislature, if it shall assume to limit the amount to be raised by the next levy, will have due regard to the demand of the relator.   At all events, the relator has no right to demand action on the part of the County Commissioners until provision is made for the next annual levy by a supply Bill, and, therefore, the County Commissioners cannot be placed as it regards such future levy in the position of having refused anything that the relator has a right to demand.   This remedy, then, that hinges upon a refusal on demand to perform some act of legal duty, cannot be obtained against them.

The rule to show cause must be discharged.

*McIver*, A. J., and *Haskell*, A. J., concurred.